McCOLGAN v. CLARK et al. *

In re SNYDER.

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4898.

1. Bankruptcy ⬦123—Creditor, conniving in bankrupt's retention of interest in property sold under power, held disqualified from voting for new trustee.

Where petition of one of two creditors to reopen estate and elect new trustee was granted on ground that bankrupt connived with M., the other creditor, to retain interest in property sold under power given to M. in trust deed, *held*, that M. was disqualified to vote for new trustee, and petitioning creditor was qualified, notwithstanding latter's agreement with bankrupt for contingent interest in property recovered from M. by trustee.

2. Bankruptcy ⬦446—Claim of no cause of action against creditor held determinable by trial court, and not on petition to revise.

Claim that no cause of action was established against bankrupt's creditor, to whom property was sold under power, must be determined by trial court on issues properly made by pleadings, and not by Circuit Court of Appeals on petition to revise order confirming referee's order disqualifying creditor from voting for new trustee on reopening of estate.

Petition for Revision of an Order of the District Court of the United States for the Southern Division of the Northern District of California, in Bankruptcy; Frank H. Kerrigan, Judge.

In the matter of Albert E. Snyder, bankrupt. On petition of Adelaide McColgan, as administratrix of the estate of Daniel A. McColgan, deceased, to revise an order of the District Court sustaining referee's order disqualifying petitioner from voting for new trustee, and in permitting another creditor to vote for such trustee. Affirmed.

Keyes & Erskine, of San Francisco, Cal., for petitioner.

*Rehearing denied January 31, 1927.

16 F.(2d)—28

Glensor, Clewe & Van Dine, of San Francisco, Cal., for respondents.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge. On November 16, 1917, Albert A. Snyder, upon his voluntary petition, was adjudged a bankrupt. A trustee was appointed who discovered no assets other than property of the value of $100 which was awarded to the bankrupt as exempt. Two creditors, who filed claims with due proof, were Daniel A. McColgan, who asserted a debt owing him of $60,525.35, and Charles H. Clark, who claimed $675. The McColgan claim was represented to be for a balance due over and above the price received for certain real property, which had been made the subject of a trust deed in favor of Daniel A. McColgan, securing an original indebtedness of the bankrupt to McColgan in the sum of $90,525.35. Discharge of the bankrupt from his debts was allowed on February 2, 1918.

The creditor Clark, by Ernest Clewe, his attorney in fact, on October 3, 1923, filed a petition in the District Court to have the estate of the bankrupt reopened and a second trustee elected. This petition alleged that since the closing of the estate the petitioner had learned that the bankrupt owned an interest in certain real property which had not been scheduled or administered upon in the bankruptcy proceeding. R. McColgan, representing himself to have been a copartner of Daniel A. McColgan, moved to set aside the order reopening the bankruptcy proceeding. Snyder filed an affidavit in opposition to this motion. The motion was by the court denied. A petition to review and revise, brought in this court by R. McColgan, was dismissed, the court holding that petitioner had no standing in the bankruptcy proceeding which entitled him to question the order reopening the bankrupt estate. McColgan v. Clark (C. C. A.) 4 F.(2d) 627.

The matter of the election of a trustee was afterwards taken up before the referee. Adelaide McColgan, representing the estate of Daniel A. McColgan, deceased, sought to vote her claim for a trustee. The referee held that, inasmuch as the property claimed to be unadministered in the bankrupt estate was an interest in the property sold under the trust deed referred to, the McColgan interest was adverse to that of the other creditor and to the bankrupt, and the McColgan claim was disqualified to vote. On the other hand, it was shown that the attorney who represented the Clark claim had an agree-

ment with the bankrupt for a contingent interest in all property which might be secured from the McColgans by the trustee, and which might remain after creditors had been paid. Because the bankrupt would be permitted thus indirectly, but nevertheless certainly, to select the trustee to manage his estate, petitioner herein objected to the Clark claim being voted. The referee overruled the objection. The District Court sustained the action of the referee on both questions. It is the last-mentioned order that petitioner asks to have revised and annulled.

[1] An inspection of the record discloses that the order reopening the bankrupt estate depended altogether for support upon the assertion of the bankrupt that he had connived with Daniel A. McColgan and Reginald McColgan, copartners, to whom he admitted owing large sums of money, to have instituted bankruptcy proceedings and to allow the McColgans to elect the trustee, and bring the proceeding to a close, all the while owning an interest in the real property which was sold by Daniel McColgan under the power given by a trust deed to said McColgan; that the McColgans agreed to hold the interest of the bankrupt, which he alleged to be of the value of more than $50,000, secretly and for his benefit, and to thereafter convey same to him; that this agreement was later repudiated by the McColgans. This charge the McColgans vigorously denied.

The case of the bankrupt is one deserving small consideration in a court of justice, and, were it not for the claim of the one creditor, Clark, there would be little reason for allowing the cause to proceed further. Clark's interest appears to be involved in that of the bankrupt, but in a measure that situation finds its justification in the fact that Clark's claim cannot be paid unless the bankrupt's interest, as he asserts it to be, can be established against the McColgans. We have not here to review the strength of the showing made before the District Court upon which the order reopening the estate was made, or the decision refusing to vacate that order, but only whether, as a matter of law, the referee was justified in refusing to allow the McColgan claim to be voted at the election of a trustee, and in overruling the objection made by the McColgan interest to the voting of the Clark claim at the same meeting of creditors.

In the condition of the estate as the referee found it to be at the time of the election of the last trustee, interests of no creditors were involved, except that of Clark

and that of the McColgan estate. Necessarily the McColgan estate would be adversary to any effort of the trustee to recover the only property that can be brought into the bankruptcy court. True, the interest of the bankrupt is tied to that of the creditor Clark. But, as there are no other creditors entitled to participate in dividends, and as the bankrupt is interested as greatly as Clark in recovering the property, a situation is presented which takes from the rule denying the right of a bankrupt to influence the selection of a trustee its reason. The trustee selected seems to have met with the approval of the referee. No error appears in the overruling of objections to the voting of the Clark claim on any of the grounds expressed by the McColgan interest.

[2] As to the contention that no valid cause of action was shown to exist against the McColgans, that question must be left for the determination of a trial court, where defenses of the bar of the statutory limitation or sufficiency of the evidence may be heard and tried under issues properly made up by pleadings. What has been decided herein is not to be taken as a determination that the referee is bound to authorize the trustee to proceed and bring an action against the McColgans to recover property, or as an intimation that a sufficient case of facts was presented by the bankrupt and the creditor, Clark, in their affidavits as filed before the referee, to require such an order to be made.

The order of the District Court is affirmed.